IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:05CV204

| | |
|---|---|
| INTERNATIONAL PAPER COMPANY ) <br> d/b/a XPEDX, ) <br> ) <br>       Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SIGNATURE PRESS, INC., ) <br> ) <br>       Defendant. ) <br> ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment and Memorandum in Support of Motion for Default Judgment, both filed August 11, 2005. Defendant Signature Press, Inc. did not respond. This Motion is now ripe for disposition by the Court.

### I. FACTUAL AND PROCEDURAL HISTORY

The Court takes the facts alleged in the Verified Complaint as true for purposes of this Motion for Default Judgment. *See* FED. R. CIV. P. 8(d) (stating "[a]verments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading").

Plaintiff International Paper Company d/b/a Xpedx ("Plaintiff" or "International Paper") is engaged in the business of supplying paper and related goods and services to others. (Verified Compl. ¶ 6). Defendant Signature Press, Inc. ("Defendant" or "Signature Press") regularly purchases paper and related goods and services from Plaintiff for use in Defendant's printing

1

business. (*Id.* ¶ 7). Since the late 1980's, Plaintiff and Defendant have engaged in a regular course of dealing where Defendant issues purchase orders to Plaintiff to buy paper and related goods and services. (*Id.* ¶ 8). In response, Plaintiff accepts the purchase orders and supplies paper and related goods and services to Defendant. (*Id.*). Defendant pays for this paper and these related goods and services pursuant to the purchase orders. (*Id.*). During their business relationship, Plaintiff and Defendant intended the purchase orders issued by Defendant and accepted by Plaintiff to constitute valid and binding contracts. (*Id.* ¶ 9). To date, Defendant has failed and refused to pay Plaintiff $237,561.50 for outstanding purchase orders. (*Id.* ¶¶ 10-11).

On May 19, 2005, as a result of Defendant's failure to pay for Plaintiff's paper and related goods and services, Plaintiff filed a Verified Complaint, alleging claims against Defendant for Breach of Contract (Count One), Action on Open Account (Count Two), and Unjust Enrichment (in the alternative) (Count Three). Plaintiff seeks to recover actual damages of $237,561.50 from Defendant.

On May 24, 2005, Plaintiff served Defendant with the Summons and Complaint. On June 3, 2005, Defendant filed a Motion for Extension of Time to Answer Complaint. On June 28, 2005, the Court granted Defendant's Motion for Extension of Time and gave Defendant until July 5, 2005, to file an Answer or otherwise respond to Plaintiff's Complaint. Subsequently, on July 6, 2005, Defense Counsel sent a letter to Plaintiff's attorney, advising that the Defendant "has decided not to defend this matter." (Mot. for Entry of Default, Exh. A). Defense counsel further stated, "we will not be filing a responsive pleading on behalf of Signature Press." (*Id.*).

Consequently, on August 11, 2005, Plaintiff filed a Motion for Entry of Default. On August 12, 2005, the Clerk entered default against Defendant. Plaintiff now seeks to have

2

default judgment entered against Defendant.

## II. DISCUSSION

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and after the clerk has entered default against such party, the opposing party is entitled to move for default judgment. *See* FED. R. CIV. P. 55. Moreover, "[a]verments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading." FED. R. CIV. P. 8(d). Filing a motion for extension of time to answer is an appearance by a defendant. *Williams v. Jennette*, 335 S.E.2d 191, 195 (N.C. Ct. App. 1985). Once a defendant has made an appearance, only a judge can enter judgment by default. FED. R. CIV. P. 55(b)(2). If a defendant makes an appearance, he is entitled to written notice of the application for judgement at least three days prior to a hearing on the motion for default judgment. *Id.* However, a court is not required to hold a hearing on plaintiff's motion prior to entering default judgment against a defendant. *Id.* (stating, "[i]f, in order to enable the court to enter judgment or carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court <u>may</u> conduct such hearings . . . as it deems necessary and proper . . .") (emphasis added).

In the instant case, Defendant was served with the Complaint. Moreover, Defendant evidently reviewed the Complaint, as evidenced by both Defendant's Motion for Extension of Time and Defense Counsel's July 6, 2005 letter in which Defense Counsel stated, "[u]nder further investigation of the claims brought in the above-referenced lawsuit, our client Signature Press, Inc. has decided not to defend this matter. Therefore, we will not be filing a responsive

3

pleading on behalf of Signature Press." (Mot. for Entry of Default, Exh. A). Significantly, Defendant knew the amount of damages Plaintiff sought to recover through both Plaintiff's Verified Complaint, which was served on Defendant on June 3, 2005, and Plaintiff's Motion for Default Judgment, a copy of which Plaintiff sent to Defendant in August 2005. Despite this knowledge, Defendant affirmatively advised Plaintiff of its intent not to respond to the Complaint. Therefore, since: (1) Defendant is aware of the amount of damages Plaintiff seeks to recover; (2) Defendant affirmatively advised Plaintiff of its intent to not respond to the Verified Complaint; and (3) the damages sought are for a sum certain, the Court concludes that a hearing is not needed in this matter. *See Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500 (4th Cir. 1998) (noting that district court granting default judgment may award damages ascertainable from the pleadings without holding a hearing).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Default Judgment is hereby **GRANTED**. Default Judgment is hereby entered against Defendant for its failure to answer or otherwise respond to Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall recover from Defendant actual damages in the amount of two hundred thirty seven thousand, five hundred sixty-one dollars and fifty cents ($237,561.50), plus interest at the legal rate from the date this Order is entered.

**IT IS FURTHER ORDERED** that Defendant has thirty (30) days from the date judgment is entered on this Order to appeal. *See* FED. R. APP. P. 4(a)(1)(A).

Signed: February 2, 2006

Richard L. Voorhees
Chief United States District Judge